[743 NYS2d 738]

In the Matter of ALAN DAVID LASHER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 10, 2002

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse,* Brooklyn (*Sharon F. Gursen* of counsel), for petitioner.

*Jerome Karp, P.C.,* Brooklyn, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The petitioner served the respondent with a petition dated

February 22, 2001, containing four charges of professional misconduct. After a pretrial conference on April 12, 2001, and a hearing on June 26, 2001, Special Referee Pizzuto sustained all four charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate under the circumstances. The respondent's counsel has submitted an affidavit in response in which he admits the underlying factual allegations, asserts mitigation, and requests that any discipline imposed be limited to a censure.

Charge One alleges that the respondent converted funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46 [b]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

The respondent maintained an attorney escrow account, identified as "Lasher & Lasher 1994 Special Account," at Staten Island Savings Bank. On or about August 8, 1997, the respondent deposited a $17,500 check into his attorney escrow account. This represented the down payment on a real estate transaction in which he represented the seller, Edward Gonzalez. Pursuant to the contract of sale, the respondent was required to hold the down payment in escrow until the closing. The respondent returned $12,750 to the purchasers on or about June 30, 1998, pursuant to an agreement between the parties. On numerous dates between August 8, 1997, and June 30, 1998, the balance in the respondent's attorney escrow account was depleted to less than the amount the respondent was required to maintain on deposit. On or about March 25, 1998, the balance in the respondent's attorney escrow account was depleted to $97.14.

Charge Two alleges that the respondent commingled funds entrusted to him as a fiduciary, incident to his practice of law, with his own funds, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Between August 1997 and June 1998, inclusive, the respondent deposited funds entrusted to him as a fiduciary, incident to his practice of law, into his attorney escrow account. During that time, the respondent also maintained his own personal funds in his attorney escrow account.

Charge Three alleges that the respondent engaged in a pattern of drawing checks upon his attorney escrow account payable to cash, in violation of Code of Professional Responsibility

DR 9-102 (e) (22 NYCRR 1200.46 [e]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Between approximately September 5, 1997, and January 23, 1998, inclusive, the respondent drew the following checks upon his attorney escrow account:

(1) check No. 1168 in the sum of $7,000;
(2) check No. 1173 in the sum of $2,000;
(3) check No. 1176 in the sum of $6,500;
(4) check No. 1177 in the sum of $2,000;
(5) check No. 1180 in the sum of $2,500;
(6) check No. 1187 in the sum of $4,200;
(7) check No. 1189 in the sum of $2,500;
(8) check No. 1192 in the sum of $4,500;
(9) check No. 1195 in the sum of $7,500;
(10) check No. 1205 in the sum of $500;
(11) check No. 1206 in the sum of $8,000.

Charge Four alleges that the respondent used his escrow account for purposes unrelated to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Between August 1997 and October 1997, inclusive, the respondent drew seven checks totalling $25,200, upon his escrow account to pay plumbing expenses in connection with a building project with which he was personally involved. During this interval, the respondent used funds from his attorney escrow account to pay laborer fees in connection with the aforesaid building project.

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained all four charges.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that he testified truthfully in this matter, readily acknowledging his errors. He conceded that he wrote checks payable to cash for his escrow account in connection with his real estate project and that he commingled funds during the period he was using his escrow account for his real estate project. However, the respondent insists that while he ultimately used his client's funds, he did so by reason of inadvertence and without any intent to convert funds. The respondent maintains that he is financially secure and was immediately able to replace all funds upon learning of his error.

The respondent also asks the Court to consider the severity of his health problems and those of his sons. To compound matters, the respondent experienced periods of vertigo, loss of balance, and substantial loss of hearing in both ears. He was also involved in an acrimonious divorce which was finalized in November 1998.

In the midst of his troubles, the respondent gave up his 13-attorney firm and became a solo practitioner, with the assistance of his secretary/paralegal. He also started seeing a psychiatrist to assist him during this period.

Notwithstanding his family and health problems, the respondent has remained devoted to the Richmond County Bar Association. The character witnesses attested to the respondent's reputation for honesty and fair dealings and his significant contributions to that association and its publications.

The respondent submits that while the underlying events cannot be condoned, the circumstances do not reveal an individual whose continued practice of law poses a threat to the public.

The petitioner reports that the respondent has no prior disciplinary history.

Balancing the mitigation offered with the serious misuse of his attorney escrow account and his ignorance of the disciplinary rules, the respondent is suspended from the practice of law for a period of five years.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FLORIO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Alan David Lasher, is suspended from the practice of law for a period of five years, commencing July 10, 2002, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of that period upon furnishing satisfactory proof that during the said period he (a) refrained from practicing or attempting to practice law, (b) has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the

respondent, Alan David Lasher, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.